IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH KAIMANA,<br><br>Defendant. | CR. NO. 11-00380 JMS (06)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE (COMPASSIONATE RELEASE), ECF NO. 368 |

**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE (COMPASSIONATE RELEASE), ECF NO. 368**

### I. INTRODUCTION

Defendant Joseph Kaimana ("Defendant") moves for compassionate release from United States Penitentiary Atwater ("USP Atwater"), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 368. He argues that a reduction in his sentence is warranted on the basis of (1) the length of his 240-month sentence, which is disproportionately long compared to the sentence he would receive if sentenced today; and (2) his rehabilitation record during incarceration. *See id.* at PageID ## 1729–39. For the reasons stated below, the Motion is GRANTED. The court ORDERS that Defendant's sentence be reduced to 121 months.

## II.  BACKGROUND

Defendant is 50 years old and is currently incarcerated at USP Atwater with a projected release date of June 25, 2030.  *See* https://www.bop.gov/inmateloc/ (last visited March 17, 2022).  To date, Defendant has served approximately 105 months in custody.  *See* ECF No. 368-2 (Bureau of Prisons Recidivism Risk Assessment stating that Defendant has been incarcerated since June 10, 2013).

On March 14, 2012, Defendant pled guilty pursuant to a plea agreement to conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  ECF No. 200 at PageID ## 593–95; *see also* Presentence Investigation Report ("PSR"), ECF No. 263 at PageID ## 837, 839.  On June 28, 2012, after the government filed a special information pursuant to 21 U.S.C. § 851, Defendant was sentenced to a mandatory-minimum term of 240 months imprisonment.  The mandatory-minimum sentence was increased from 10 years to 20 years (the 240 months) due to Defendant's prior state-court conviction qualifying as a "felony drug offense."[1]  *See* ECF No. 255 at PageID ## 793–94.

---

[1] Before enactment of the First Step Act of 2018 ("FSA"), defendants convicted under 21 U.S.C. § 841(a) & 841(b)(1)(A) and having a prior conviction for a "felony drug offense" were subject to a mandatory minimum of 20 years imprisonment.  *See* 21 U.S.C. §§ 841(b)(1)(A)
(continued . . .)

That term of imprisonment is to be followed by ten years of supervised release. *Id.* at PageID # 795.

On November 8, 2021, Defendant submitted a request for compassionate release to USP Atwater's warden. ECF No. 368-3. Defendant did not receive a response. *See* ECF No. 368 at PageID # 1728. On December 14, 2021, more than thirty days after he submitted his request to the warden, Defendant filed the instant Motion. ECF No. 368. The government filed its Opposition on January 6, 2022. ECF No. 371. And on January 24, 2022, Defendant filed additional exhibits in support of his Motion. ECF No. 375.

The parties agree that, due to changes in sentencing laws caused by the FSA, there is a disparity between the sentence Defendant received in 2012 and the sentence he would receive if sentenced today. The parties disagree, however, as to whether such intervening, nonretroactive changes in sentencing laws can be grounds for compassionate release. *Compare* ECF No. 368 at PageID ## 1723–26, *with* ECF No. 371 at PageID # 1804. Based on a circuit split on this issue, the court held a status conference on February 11, 2022 and directed the parties to search for appeals pending before the Ninth Circuit concerning whether a district court may consider the FSA's nonretroactive amendments to a defendant's

---

(2010 ed.), 851; *see also* ECF No. 113 (government filing a special information as to Defendant's prior drug conviction, in an effort to seek an enhanced minimum pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851); PSR ¶¶ 36, 65–66, ECF No. 263 at PageID ## 847, 852–53.

mandatory minimum on an individualized basis when determining whether extraordinary and compelling reasons exist to reduce the defendant's sentence. *See* ECF No. 378. Defendant and the government filed simultaneous responses on February 22, 2022, ECF Nos. 380 and 381, respectively.

The court decides the Motion without a further hearing pursuant to Local Rule 7.1(c).

### III. <u>DISCUSSION</u>

**A.    Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA, which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Accordingly, the court may reduce Defendant's sentence if (1) Defendant has exhausted the required administrative remedies; (2) the court finds there are "extraordinary and compelling reasons" warranting a sentence reduction; and (3) the court considers the § 3553(a) factors, to the extent they are applicable, and determines that the reduction is warranted under the circumstances. *See United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021).

Although the text of § 3582(c)(1)(A) also requires a sentence reduction to be "consistent with applicable policy statements issued by the United States Sentencing Commission," that requirement does not apply to this case, as there is currently no policy from the Sentencing Commission that is "applicable" to compassionate-release motions filed by a defendant rather than the Bureau of Prisons ("BOP") Director. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). Specifically, the Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf. *See Aruda*, 993 F.3d at 800. And, without a quorum, the Sentencing Commission has been unable to amend the Guidelines post-FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in

5

[§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

**B.      Exhaustion of Administrative Remedies**

Defendant submitted a request for compassionate release to USP Atwater's warden on November 8, 2021. ECF No. 368-3. In that request, Defendant asserted multiple bases for compassionate release. *See id.* at PageID # 1771. Two of those bases are (1) that he is serving a term of imprisonment "longer than congress now deems warranted for the crime committed"; and (2) his "rehabilitation" since being incarcerated, including his participation in educational projects, spiritual studies, and drug-rehabilitation programs. *Id.* More than thirty days after he submitted his request—and having not received a response from the warden—Defendant filed the instant Motion. *See* ECF No. 368 at PageID # 1728. Defendant has thus exhausted his administrative remedies as to those two bases. *See United States v. Burdette*, 2020 WL 6375535, at *2 (E.D. Mich. Oct. 30, 2020) ("In order to fulfill the exhaustion requirement, Defendant's request to the BOP must explain the basis for his release."); *see also* 28 C.F.R. § 571.61(a)(1) (an inmate's compassionate-release request to BOP must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration").

### C. Extraordinary and Compelling Reasons Warrant a Reduction of Defendant's Sentence

Defendant bears the burden to establish extraordinary and compelling reasons warranting compassionate release. *See, e.g.*, *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020) (citations omitted). As explained above, Defendant asserts there are "extraordinary and compelling reasons" justifying compassionate release because of the disparity between the sentence he received in 2012 and the sentence he would receive if sentenced today, and also because of his rehabilitation efforts while incarcerated. *See* ECF No. 368-3 at PageID # 1771.

First, Defendant argues that, if sentenced today, he would be subject to a mandatory minimum of only 120 months and a guideline range of 121 to 151 months, instead of a 240-month mandatory minimum. ECF No. 368 at PageID ## 1724, 1727. The government agrees. *See* ECF No. 371 at PageID # 1804 (admitting that "the 121–151 months guideline sentencing range . . . applies today"). This disparity flows from the FSA's amendments to the mandatory-minimum provision in 21 U.S.C. § 841(b)(l)(A). Before the FSA's amendments in 2018, a mandatory-minimum sentence of 20 years imprisonment applied to any conviction under §§ 841(a) & 841(b)(1)(A) based on the filing of a § 851

information setting forth a prior conviction for a "felony drug offense."[2]  21 U.S.C. § 841(b)(1)(A) (2010 ed.).  At his 2012 sentencing, Defendant was subjected to that mandatory minimum because the government filed a § 851 special information setting forth his prior conviction under Hawaii Revised Statutes ("HRS") § 712-1243(2) for Promoting a Dangerous Drug in the Third Degree, a class C felony carrying a maximum sentence of five years, HRS § 706-660(1)(b).[3]  *See* ECF No. 113; PSR ¶¶ 36, 65–66, ECF No. 263 at PageID ## 847, 852–53.

And the parties agree that, if sentenced today, Defendant would fall out of § 841(b)(1)(A)'s amended mandatory-minimum provision.  That is, Defendant's conviction under HRS § 712-1243(2) does not qualify as a "serious drug felony,"[4] as required by the FSA to increase a mandatory-minimum sentence.  *Compare* ECF No. 368 at PageID # 1723 (citing PSR ¶ 66, ECF No. 263 at PageID

---

[2] "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."  21 U.S.C. § 802(44) (2009 ed.).

[3] The special information set forth Defendant's conviction in *State of Hawaii v. Kaimana*, Cr. No. 06-1-0594(2), as the previous felony drug offense.  ECF No. 113.  That conviction was based on Defendant's possession of a glass pipe containing 0.03 grams of methamphetamine.  *See id.*; PSR ¶ 36, ECF No. 263 at PageID ## 847–48.  The parties agree that the government's special information incorrectly classified that conviction as a second degree felony under Hawaii state law, when it actually was a third degree felony.  *Compare* ECF No. 368 at PageID # 1722 n.1, *with* ECF No. 371 at PageID # 1798.

[4] "The term 'serious drug felony' means an offense described in section 924(e)(2) of Title 18 for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."  21 U.S.C. § 802(57).

8

# 853), *with* ECF No. 371 at PageID # 1803 ("[Defendant's] guideline imprisonment range at the time of sentencing would have been 151 months to 188 months . . . .").

Further, in November 2014, the United States Sentencing Commission retroactively reduced the base offense level for Defendant's criminal offense by two points. *See* U.S.S.G. Amendment 782; U.S.S.G. § 2D1.1(c)(4); *see also United States v. Holder*, 981 F.3d 647, 651 (8th Cir. 2020) ("Amendment 782 modified the determination of a defendant's advisory guidelines range to reflect the Fair Sentencing Act's amendment of the minimum statutory penalties."). Although Defendant did not benefit from that two-level reduction due to his 240-month mandatory-minimum sentence being higher than the otherwise applicable guideline range, *see* U.S.S.G. § 1B1.10(a)(2)(B), that two-level reduction would reduce the applicable guideline range to 121 to 151 months if sentenced today, because Defendant would be subject to a mandatory-minimum sentence of 120 months, *see* 21 U.S.C. § 841(b)(l)(A), not 240 months. *Cf. United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) ("A retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term.").

In sum, if sentenced today, Defendant would be subject to a mandatory minimum sentence of 120 months and a guideline range of 121 to 151 months—he would no longer be subject to a mandatory minimum sentence of 240

months. *See* ECF No. 371 at PageID # 1804 (government stating that Defendant has served 102 months, "much less than the guidelines sentencing range of 151–188 months that would have been the applicable range in 2012 had no [mandatory minimum applied] and . . . even substantially less than the 121–151 months guideline sentencing range that applies today").

But there is a split among courts of appeals as to whether a sentencing disparity created by a nonretroactive change to a mandatory sentencing scheme can constitute an "extraordinary and compelling reason" to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[5] Four courts of appeals say no. *See United States v. Crandall*, 25 F.4th 582, 585 (8th Cir. 2022); *United States v. Andrews*, 12 F.4th 255, 261–62 (3d Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021); *United States v. Jarvis*, 999 F.3d 442, 444–45 (6th Cir. 2021). Three courts of appeals say yes. *See United States v. Ruvalcaba*, 26 F.4th 14, 24–28 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271, 285–87 (4th Cir. 2020); *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). And two of the "yes"

---

[5] Section 401 of the FSA, which reduced the mandatory minimums for convictions under 21 U.S.C. § 841, does not apply retroactively to all defendants. The FSA specifically states that the amendments in section 401 apply only to "any offense that was committed before the date of enactment of this Act [Dec. 21, 2018], if a sentence for the offense has not been imposed as of [Dec. 21, 2018]." *See also United States v. Wilkerson*, 495 F. Supp. 3d 1232, 1267 (D.N.M. 2020) ("Section 404 is the only [FSA] provision that applies retroactively to already sentenced defendants," and that provision concerns "revised statutory penalties for crack cocaine offenses." (citing FSA, Pub. L. No. 115-391, § 404, 132 Stat. 5194)).

10

courts—the First Circuit and the Tenth Circuit—clarified that sentencing disparities resulting from nonretroactive changes to sentencing laws must be "in combination" with other facts in order to constitute an extraordinary and compelling reason for early release. *See McGee*, 992 F.3d at 1048; *Ruvalcaba*, 26 F.4th at 24, 28. The Ninth Circuit has yet to rule on this issue.[6]

In a prior case, "[t]his court adopt[ed] the view that non-retroactive changes in [sentencing] law regarding 'career offender' designations can constitute extraordinary and compelling reasons to reduce sentences under § 3582(c)(1)(A) when considered on an individual basis." *United States v. Kanohokula*, 2021 WL 5411211, at *5–6 (D. Haw. Nov. 18, 2021) (citing, in footnote 5, *McCoy*, 981 F.3d at 285). The court later extended that holding to changes in sentencing law caused by the FSA's amendment of mandatory-minimum sentences under § 841(b), wherein the trigger for a longer mandatory-minimum sentence was heightened from a prior "felony drug offense" to a prior "serious drug felony." *See United States v. Lii*, 528 F. Supp. 3d 1153, 1161–65 (D. Haw. 2021). The court affirms its holding in *Lii*.

---

[6] After searching the Ninth Circuit's dockets for relevant appeals, and after considering the parties' search results of the same, *see* ECF Nos. 380 and 381, there does not appear to be any decision forthcoming from the Ninth Circuit in the near future. The court must therefore make its own determination of the issue that has divided the circuit courts.

Applying those holdings, the court concludes that the sentencing disparity in this case—the 120-month mandatory minimum (and the 121 to 151 month guideline range) that would be considered today and the 240 month sentence that was imposed in 2012—is sufficient in combination with Defendant's rehabilitation efforts to constitute an extraordinary and compelling reason justifying compassionate release. That is, the intervening changes from the FSA have created a "gross disparity" in sentencing in this case such that, when that gross disparity is considered alongside Defendant's rehabilitation, compassionate release is justified. *See Kanohokula*, 2021 WL 5411211, at *5–7 (holding that a 71-month sentencing disparity and defendant's rehabilitation efforts justified compassionate release); *United States v. Lawrence*, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (holding that a disparity in guideline ranges—57–71 months versus 130–162 months—and defendant's medical condition justified compassionate release); *cf. United States v. Gomez*, 2021 WL 1240621, at *6–8 (D. Haw. Apr. 2, 2021) (holding that a sentencing disparity of 10 months and defendant's medical conditions did not justify compassionate release), *aff'd*, No. 21-10113, slip op. at 3–4 (9th Cir. Feb. 23, 2022).

With respect to Defendant's rehabilitation, courts may consider a defendant's rehabilitation efforts during incarceration when determining whether there are extraordinary and compelling reasons justifying compassionate release.

12

*See Kanohokula*, 2021 WL 5411211, at *6–7; 28 U.S.C. § 994(t) ("Rehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." (emphasis added)); *see also Aruda*, 993 F.3d at 801–02 ("[D]istrict courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" (quoting *McCoy*, 981 F.3d at 284)).

Defendant argues that his "significant and sustained rehabilitation" "[t]hroughout his incarceration" "support[s] a finding that a reduction in sentence is appropriate and necessary here." ECF No. 368 at PageID # 1739. Specifically, Defendant's inmate education transcript shows that he has been continuously enrolled in educational and rehabilitative classes on a variety of subjects since being incarcerated. *See* ECF No. 368-5 at PageID ## 1775–76 (providing a two-page list of courses stretching from November 2013 until December 2021). Defendant is currently enrolled in a drug abuse rehabilitation program. *See* ECF No. 375-1 at PageID # 1949. He has also demonstrated responsibility through numerous work positions, including in the safety and recycling department, as an electrical assistant, and as a medical orderly—he is currently working in the UNICOR program, *see id.* at PageID # 1948, "a self-sustaining government corporation that provides employment and job training to BOP inmates while producing marketable goods and services," *United States v. Lemoine*, 546 F.3d 1042, 1047 n.3 (9th Cir. 2008).

And Defendant has made other significant strides toward rehabilitation. Defendant's BOP disciplinary record is nearly spotless—his record indicates one minor infraction during his incarceration, a 2018 incident in which fruit from the cafeteria was found in his cell, i.e., "Possessi[on] [of an] Unauthorized Item." ECF No. 368-6 at PageID # 1778. Since that infraction, Defendant has maintained a clean disciplinary record, *see id.*, warranting him a "Minimum" level security classification. *See* ECF No. 375-1 at PageID # 1947.

In sum, weighing both Defendant's sentencing disparity and rehabilitation, there are "extraordinary and compelling reasons" warranting compassionate release. Because the court holds that Defendant has demonstrated extraordinary and compelling reasons justifying a reduction of his sentence, the court now determines whether the section 3553(a) factors are consistent with a sentencing reduction. *See Keller*, 2 F.4th at 1283–84.

### D. Section 3553(a) Factors

As relevant to this case, the § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"[7] (2) "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for

---

[7] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)–(2), (6). And, under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). *Id.* § 3553(a).

Defendant does not have a history of violence. Although a shotgun loaded with one round was found in his vehicle when he was arrested for the underlying offense, *see* PSR ¶¶ 14, 24, ECF No. 263 at PageID ## 844, 846, Defendant has not been previously convicted of any violent crimes, and his incarceration record is free of violent behavior, *see* ECF No. 368-6 at PageID # 1778. Defendant has also made significant efforts and demonstrable progress toward rehabilitation, including completing educational classes, maintaining work positions, and seeking treatment for drug abuse, as discussed above. Those rehabilitation efforts add to the vocational potential preexisting Defendant's incarceration—he is a high school graduate, *see* ECF No. 368-5 at PageID # 1775,

15

and has previously worked as a professional musician, *see* ECF No. 368 at PageID # 1743.

Regarding the underlying offense, it is certainly concerning that Defendant was an ounce distributor of methamphetamine. *See* PSR ¶¶ 12, 21, ECF No. 263 at PageID ## 844, 845. But this places him—in the court's experience—as a mid-level distributor, at worst. Thus, considering that Defendant was not a large-scale drug trafficker, and also considering the intervening changes to the mandatory-minimum provision and the fact that Defendant has served a substantial portion of his sentence,[8] the court concludes that a 121-month sentence is appropriate in view of the § 3553(a) factors and the parsimony clause.[9] *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence . . . .").

---

[8] To date, Defendant has served approximately 105 months. *See* ECF No. 368-2 at PageID # 1768 (indicating that Defendant has been incarcerated since June 10, 2013).

[9] The parsimony clause, 18 U.S.C. § 3553(a), requires the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [the § 3553(a)(2) factors]."

For all the reasons discussed above, a reduction of Defendant's sentence to 121 months is sufficient to achieve the goals of sentencing under § 3553(a)(2).

## IV. <u>CONCLUSION</u>

Defendant's Motion to Reduce Sentence Under the First Step Act (Compassionate Release), ECF No. 368, is GRANTED. It is further ordered that:

1. Defendant's sentence of incarceration is reduced to 121 months; and

2. Upon release from custody, Defendant shall commence serving his ten-year term of supervised release as previously imposed; and shall abide by all mandatory, standard, and special conditions as approved and ordered by the court on March 16, 2022, ECF No. 391.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 17, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Kaimana*, Cr. No. 11-00380 JMS (06), Order Granting Defendant's Motion to Reduce Sentence (Compassionate Release), ECF No. 368

17